Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Arizona ▾

| | | |
|---|---|---|
| JOHN HASTINGS | ) | Case No.  CV-19-00132-PHX-GMS |
| | ) | |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)*  ☐ Yes  ☑ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| MARICOPA COUNTY SUPERIOR COURT | ) | |
| COMMISSIONER LINDSAY P. ABRAMSON | ) | |
| DOES I-X | ) | |
| (in their official capacities) | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## PLAINTIFF'S FIRST AMENDED
## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | JOHN HASTINGS |
| Street Address | PO BOX 5502 |
| City and County | FRISCO, COLLIN |
| State and Zip Code | TEXAS, 75035 |
| Telephone Number | 602.345.1525 |
| E-mail Address | JACES@SLDP.NET |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

     Name                                 Maricopa County Superior Court

     Job or Title *(if known)*

     Street Address                      101 W Jefferson St.

     City and County                   Phoenix, Maricopa

     State and Zip Code             Arizona 85003

     Telephone Number             602.506.3204

     E-mail Address *(if known)*

Defendant No. 2

     Name                                 Lindsay P. Abramson

     Job or Title *(if known)*         Commissioner

     Street Address                      101 W. Jefferson St.; East Court Building-812

     City and County                   Phoenix, Maricopa

     State and Zip Code             Arizona

     Telephone Number             602.506.3204

     E-mail Address *(if known)*

Defendant No. 3

     Name                                 DOES I-X

     Job or Title *(if known)*

     Street Address                      UNKNOWN

     City and County                   UNKNOWN

     State and Zip Code             UNKNOWN

     Telephone Number             UNKNOWN

     E-mail Address *(if known)*

Defendant No. 4

     Name

     Job or Title *(if known)*

     Street Address

     City and County

     State and Zip Code

     Telephone Number

     E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question                   [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Due Process provision of the United States Constitution

28 U.S.C. § 1367(d)

Artis v. District of Columbia, 583 U. S. ____ (2018).

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

b.     If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.     Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Plaintiff had a case in Arizona State court which was presided over by the defendants in a very biased manner. Plaintiff's case was against a fellow officer of the court (Defendant 1) and essentially a colleague (Defendant 2).

Defendants erroneously ruled Plaintiff's claim was time-barred by irrelevant Statute of Limitations and refused to correct themselves.  This is despite the fact that federal law and case law clearly state the opposite.

## IV.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks a court order reversing Defendant Lindsay Abramson's erroneous ruling and permanently removing her from presiding over Plaintiff's case in state court.  Plaintiff also requests that this court order the Maricopa County Superior Court not to dismiss the case due to their forcing Plaintiff to stop.  Plaintiff requests that this court order the Maricopa County Superior Court to enter default and default judgment in favor of Plaintiff due to the Defendant in that matter having failed to respond.  Plaintiff requests that the District Court order the Defendants not to act so biasedly or be impossibly difficult (treating pro-se litigants poorly or delaying, and not taking seriously, complaints against attorneys) in the future.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            02/07/2019

Signature of Plaintiff           *J. Hastings*

Printed Name of Plaintiff        John Hastings

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Chris DeRose, Clerk of Court
*** Electronically Filed ***
10/25/2018 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-002288                                    10/23/2018


                                          CLERK OF THE COURT
COMMISSIONER LINDSAY P. ABRAMSON                  S. Ortega
                                                  Deputy


JOHN HASTINGS                          JOHN HASTINGS
                                       P O BOX 43506
                                       LAS VEGAS NV 89116

v.

ELVIN GARRY GRUNDY III, et al.         ELVIN GARRY GRUNDY III
                                       P O BOX 90166
                                       PHOENIX AZ 85066


                                       GRUNDY LAW FIRM P L L C, THE
                                       P O BOX 90166
                                       PHOENIX AZ 85066
                                       COMM. ABRAMSON


MINUTE ENTRY


Courtroom: ECB - 812

10:00 a.m.  This is the time set for a Telephonic Status Conference.  Plaintiff, John Hastings, appears on his own behalf.  No one else appears.

A record of the proceedings is made digitally in lieu of a court reporter.

The Court has reviewed Plaintiff's itemized list of damages, the relevant statutes, case law, and statute of limitations.

For the reasons stated on the record,

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-002288                                          10/23/2018

**IT IS ORDERED** denying Plaintiff's Motion for Default Judgment due to the expiration of the statute of limitations.

10:03 a.m.  Hearing concludes.

Rose, Clerk of Court
*** Electronically Filed ***
M. King, Deputy
10/26/2018 2:10:00 AM
Filing ID 9833241

1
2
3
4
5
6
7
8
9

John Hastings
PO Box 43506
Las Vegas, NV 89116
602.345.1525
jaces@sldp.net

MARICOPA COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF ARIZONA

| | | |
|---|---|---|
| John Hastings | \| | CASE #: CV2018-002288 |
| v. | \| | |
| Elvin Gary Grundy, III, et al. | \| | Motion to Reconsider |

----------------------------------------------------------------------

10   COMES NOW Plaintiff, JOHN HASTINGS, and hereby moves the court to reconsider

11   its belief that the Statute of Limitations prevents him from obtaining default judgment against the

12   Defendants.

13   **MEMORANDUM OF POINTS AND AUTHORITIES**

14

15   The very earliest the Plaintiff could have possibly known about any negligence or

16   malpractice caused by the Defendants was during mid to late December of 2014 when

17   Defendants called the Plaintiff to indicate that he had a court hearing in which Plaintiff had lost

18   his case.  (Defendants failed to inform Plaintiff that a hearing was going to take place in the first

19   place).  In addition, there was also equitable tolling present in this matter – Plaintiff did not

20   recognize the full extent of his loss and damages until after he attempted to appeal yet ultimately

21   failed a year or so later.  In addition, Plaintiff also had a documented disability which would

22   have, on its own, tolled the statute of limitations entirely making such a purported defense by

23   Defendants entirely moot; an argument that cannot stand on its own two feet.

24

25   Regardless of the above-stated facts in support of Plaintiff's assertion that the statute of

26   limitations does not bar him; assuming arguendo and ignoring all standard claims of tolling, the

27   controlling statute of limitations is two years.  That means that the absolute earliest the Plaintiff

28

would have been required to file was by December 2016 (though, arguably, equitable tolling

would have put this deadline even later).

Plaintiff filed in July of 2016 - well within that window - with the federal court of

Nevada during approximately July of 2016.  The federal court of Nevada sat on it for years,

never even actually issuing a Summons, never hearing it on its merits, ultimately dismissing it

without prejudice.  Upon ultimately realizing that case was going nowhere, Plaintiff promptly

and timely filed the present action in the Maricopa County Superior Court, In and For the State

of Arizona.

## FAVORABLE STATUTE AND SCOTUS CASE-LAW

Even the United States Congress has recognized that the above-stated set of

circumstances could create a problem so it enacted a law that allows Plaintiffs to timely file in

state court when a case was timely filed in federal court and dismissed without prejudice, even if

the state statute of limitations would have otherwise effectively lapsed[1].  Under 28 U.S.C.

1367(d), the limitations period for state claims filed in federal court is suspended while such

claims are pending in federal court and for 30 days after dismissal by the federal court.  This law

has been tested all the way up to the US Supreme Court[2] and found favorably to the Plaintiff's

present case.

In *Artis v District of Columbia*, 583 U. S. ____ (2018), the U.S. Supreme Court held that

bringing state claims in federal court stops the clock on the statute of limitations for those claims.

---

[1] 28 U.S.C. 1367(d).
[2] *Artis v District of Columbia*, 583 U. S. ___ (2018).

In addition, the defense of Statute of Limitations must be raised by the Defendants as an affirmative action or it is effectively waived. The Defendants did not raise the statute of limitations as a defense, affirmatively or otherwise.

These above-stated facts, coupled with the fact that Plaintiff has timely filed, effectively tolling the statute of limitations makes the statute of limitations defense inapplicable, thereby rendering it incapable of thwarting the Plaintiff's claim.

WHEREFORE, Plaintiff must now be allowed to proceed and, further, granted a default judgment against the Defendants – as a matter of law. Accordingly, the Plaintiff respectfully asks that the court do so now, accordingly, by overturning its prior decision that Plaintiff was barred by statute of limitations.

RESPECTFULLY SUBMITTED,

10/25/2018                                          /s/ John Hastings
                                                    PO Box 43506
                                                    Las Vegas, NV 89116

CERTIFICATE OF SERVICE

I forwarded a true and correct copy of the foregoing, and attached affidavit, forwarded upon this same date via USPS first class mail, postage prepaid to the Defendants at:

Elvin Garry Grundy, III
The Grundy Law Firm, PLLC
808 E. Desert Dr. N.
Phoenix, AZ 85042
                                                    /s/ John Hastings

MOTION TO RECONSIDER - 3

**AFFIDAVIT OF JOHN HASTINGS**
IN SUPPORT OF MOTION TO RECONSIDER
RE:  Case No.:  CV2018-002288

I, John Hastings ("Declarant"), am a resident of Clark County, State of Nevada, and do hereby certify, swear or affirm, and declare that I am competent to give the following declaration based on my personal knowledge, unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge and belief:

1.  I filed an action for legal malpractice against Elvin Garry Grundy, III in the United States District Court for the District of Nevada within 2 years of him committing legal malpractice against me.

2.  Elvin Garry Grundy, III is the sole employee and sole member of The Grundy Law Firm, PLLC.

3.  I did not miss the statute of limitations, they did not lapse.

4.  My claim has not been dismissed anywhere with prejudice.

5.  Further affiant sayeth not.

Pursuant to NRS 53.045  "I declare under penalty of perjury that the foregoing is true and correct."

WITNESS my signature this 26 day of October, 2018.

/s/John Hastings
PO Box 43506
Las Vegas, NV 89116

MOTION TO RECONSIDER - 4

Chris DeRose, Clerk of Court
*** Electronically Filed ***
11/05/2018 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-002288                                      11/01/2018


                                            CLERK OF THE COURT
HONORABLE LINDSAY P. ABRAMSON              A. Aycock
                                            Deputy



JOHN HASTINGS                          JOHN HASTINGS
                                       P O BOX 43506
                                       LAS VEGAS NV  89116


v.

ELVIN GARRY GRUNDY III, et al.         ELVIN GARRY GRUNDY III
                                       P O BOX 90166
                                       PHOENIX AZ  85066


                                       GRUNDY LAW FIRM P L L C, THE
                                       P O BOX 90166
                                       PHOENIX AZ  85066
                                       COMM. ABRAMSON



                          MINUTE ENTRY


   The Court has reviewed and considered Plaintiff John Hastings' Motion to Reconsider.

   No good cause appearing,

   IT IS ORDERED denying the Motion to Reconsider.

Chris DeRose, Clerk of Court
*** Electronically Filed ***
M. Cain, Deputy
11/17/2018 8:38:00 PM
Filing ID 9898700

1

John Hastings
PO Box 994

2

Little Elm, TX 75068

3

702.706.5181
jaces@sldp.net

4

MARICOPA COUNTY SUPERIOR COURT

5

IN AND FOR THE STATE OF ARIZONA

6

John Hastings                              |         CASE #:  CV2018-002288

7

v.                                         |

8

Elvin Gary Grundy, III, et al.             |         Objection to Commissioner's Ruling

9

                                           |         and request to overturn by a Judge

10

--------------------------------------------------------------------------------

11

    NOW COMES PLAINTIFF, JOHN HASTINGS, in pro per and hereby files this

12

objection to Commissioner Lindsay Abramson's suggestion that Hastings has failed to meet any

13

deadlines set by a relevant statute of limitations.  Hastings respectfully requests that a state court

14

15

judge review and overturn the commissioner's decision so that he does not have to go to the

16

added expense of time and money getting a federal judge's order doing so.

17

    The commissioner acted capriciously and arbitrarily by failing to raise any issue of

18

statute of limitations at the default hearing that Hastings traveled to and attended in person.  It

19

was as if, after that hearing, she allowed herself to be improperly influenced by some ex-parte

20

21

source.  The commissioner instead surprisingly sprung upon Hastings – and Hastings did not

22

anticipate – such a (SOL) suggestion in the most recent hearing.  This is despite her not even

23

asking when the statute of limitations started running or when Hastings discovered the legal

24

malpractice had occurred.  The latest hearing was supposed to relate to the failure of the

25

Defendants to respond to Hastings' Complaint, as she instructed in the prior hearing.  If the

26

27

commissioner had any other issues, they should have been raised well before the last hearing.

28

OBJECTION TO COMMISSIONER'S RULING - PAGE 1 OF 3

Hastings went to significant travel expense of travel to Arizona solely for the prior

hearing on September 19, 2018; adding legal fees to that expense to address ALL of the issues

the commissioner raised at that same hearing.  Further, it is the Defendants responsibility to

affirmatively raise the defense of Lapsed Statute of Limitations in any Answer which they are to

provide (which they did not provide).  Such a one-sided, biased ruling by the commissioner is

wholly unfair and, further, untimely; not only that but it goes against federal law precedent set by

case law handed down by the United States Supreme Court *this year*.  28 U.S.C. 1367(d) is

directly relevant federal law crafted by Congress which prevents the commissioner from ruling

in the manner the she did.  The commissioner completely ignored that law.  In addition, _Artis v_

_District of Columbia_, 583 U. S. _ (2018) is identical case law from this year that is directly

relevant but was completely ignored by the commissioner.

Regardless of her ruling, Hastings timely filed a legal action against the Defendants in

federal court, incorporating not just claims of legal malpractice but also all other claims presently

presented in the instant complaint, well within their respective statute(s) of limitations.

Hastings filed the Complaint in the present case when it was suggested by the federal

court that, perhaps, jurisdiction in an Arizona State court might be more appropriate.  Hastings

did so and then subsequently dismissed the other action – this matter has never been heard on its

merits.

There was NO LAPSE of time where this exact complaint was not filed against the

Defendants; thus defendants have no legitimate defense with respect to statute of limitations and

the statute of limitations cannot prevent Hastings from obtaining a default judgment against the

Defendants as a matter of law.

The statute of limitations should not be an issue any longer.  The Plaintiff is entitled by law to a default judgment against the Defendants and exactly when he filed for default.  Time is of the essence.

WHEREFORE, Hastings asks that a Judge overturn the commissioner's decision and order that a new telephonic default judgment hearing occur with a new/different commissioner, jury, or judge.


RESPECTFULLY SUBMITTED this 17 day of November, 2018.



/s/ John Hastings

Please also note, new address and give at least 2 extra days to respond, if necessary, thank you:

PO Box 994
Little Elm, TX 75068

CERTIFICATE OF SERVICE

Copy of the foregoing sent to the Defendants upon this same date.

/s/jh                                    11/17/2018

OBJECTION TO COMMISSIONER'S RULING - PAGE 3 OF 3

Chris DeRose, Clerk of Court
*** Electronically Filed ***
12/04/2018 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-002288                                            11/29/2018


                                                CLERK OF THE COURT
HON. PAMELA GATES                                    K. Ballard
                                                     Deputy


JOHN HASTINGS                           JOHN HASTINGS
                                        P O BOX 43506
                                        LAS VEGAS NV  89116


v.

ELVIN GARRY GRUNDY III, et al.          ELVIN GARRY GRUNDY III
                                        P O BOX 90166
                                        PHOENIX AZ  85066



                                        GRUNDY LAW FIRM P L L C, THE
                                        P O BOX 90166
                                        PHOENIX AZ  85066
                                        COMM. ABRAMSON
                                        JUDGE COURY



REASSIGNMENT REQUEST DENIED – CIVIL PRESIDING JUDGE


        The court received a pleading captioned "Objection to Commissioner's Ruling and request
to overturn by a Judge," filed November 17, 2018.   After reviewing the content of the Mr.
Hastings' Motion, the court considers his request a motion for change of judge for cause under
Rule 42.2 of the Arizona Rules of Civil Procedure.   As an initial matter, judges of the Superior
Court do not serve as appellate judges of the rulings of other judicial officers.   Therefore, to the
extent that Mr. Hastings seeks appellate review of Commissioner Abramson's decision, his request
is denied.   Next, the court turns to Mr. Hasting's claim that Commissioner Abramson "allowed
herself to be improperly influenced by some ex parte source."   *See* Objection to Commissioner's
Ruling and request to overturn by a Judge at 1.   Rule 42.2 of the Arizona Rules of Civil Procedure
provides that a party seeking a change of judge for cause must establish grounds by affidavit as

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-002288                                    11/29/2018

required by A.R.S. §12-409.  Arizona Revised Statutes §12-409 states that grounds for change of judge are:  1) the judge has been engaged as counsel in the action prior to the appointment or election as judge; 2) that the judge is otherwise interested in the action; 3) that the judge is of kin or related to either party to the action; 4) that the judge is a material witness in the action; or 5) that the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice or interest of the judge he cannot obtain a fair and impartial trial.  Under Section 409(B)(5) the sufficiency of any "cause to believe" must be determined by an objective standard, not by reference to the affiant's subjective belief.

In this case, Mr. Hastings appears to disagree with Commissioner Abramson's decision. Disagreement with Commissioner Abramson's decisions is an impermissible basis to file a motion for change of judge for cause.  *See Liteky v. United States,* 510 U.S. 540, 555-56, 114 S. Ct. 1147, 1156-57 (1994)(finding that judicial rulings, routine trial administrative efforts, and ordinary admonishments occur in the course of judicial proceedings and fail to stand as a proper basis to request removal of a judge for cause absent a finding of knowledge acquired outside such proceeding or the display of a deep-seated and unequivocal antagonism that would render fair judgment impossible); *State v. Henry,* 189 Ariz. 543, 546, 944 P.2d 57, 61 (1997)(*citing State v. Curry,* 187 Ariz. 623, 631, 931 P.2d 1133, 1141 (App. 1996)).  A judicial officer is presumed to be free of bias or prejudice.  *See State v. Hurley*, 197 Ariz. 400, 405 ¶25, 4 P.3d 455, 459 (App. 2000)(*citation omitted); State v. Rossi,* 154 Ariz. 245, 247, 741 P.2d 1223, 1225 (1987); *State v. Granados*, 235 Ariz. 321, 326, 332 P.3d 68, 73 (App. 2014)(finding that judicial bias or prejudice ordinarily must come from an extrajudicial source and not what the judge has done in the case). Mr. Hastings has failed to satisfy his burden of proof.  Ariz. R. Civ. P. 42.2(e).

**IT IS ORDERED** denying Mr. Hastings' requested relief in the pleading captioned "Objection to Commissioner's Ruling and request to overturn by a Judge."  The case is returned to Commissioner Abramson for further proceedings.