John Hastings
PO Box 5502
Frisco, TX 75035
602.345.1525
jaces@sldp.net

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Hastings    (Plaintiff), | Case #:  2:19-cv-00132 GMS |
| VS. | PLAINTIFF'S RESPONSE TO |
| Maricopa County Superior | DEFENDANTS' MOTION TO DISMISS |
| Court, ET AL. (Defendants). | (Honorable G. Murry Snow) |

Plaintiff asks for leniency in this matter as he is not an attorney licensed to practice law in the state of  Arizona or in the Federal Court system.

Plaintiff requests that this court strike the Defendants' motion to dismiss in its entirety or, in lieu, strike the exhibit the Defendants filed with the court alleged to contain an email from the Plaintiff to the Defendants.  Such email was marked "confidential" (pages 3 & 5 of defendants "Exhibit A") by both attorney for the Defendants and by Plaintiff and Plaintiff believed it was a settlement communication which, by the rules, is prima facie confidential.  Attorneys for Defendants remained completely silent/ignorant when questioned about this after they filed their motion to dismiss.

Defendants argue judicial immunity and *Rooker-Feldman* doctrine as a reason to dismiss the instant case.  Those reasons are invalid for the following reasons as shown below:

1  Because the instant case deals with the Defendants reckless disregard for

2  federal law, plaintiff's US Constitutional rights, and SCOTUS precedent, the

3  federal court certainly does have subject-matter jurisdiction.  Because the

4  case has been filed in Phoenix, Arizona - convenient for both defendants as

5  that is where they are domiciled, yet an inconvenient approximately 1,100

6  miles from plaintiff, this court has personal jurisdiction over the

7  defendants as well.

8

9  Simply put, the *Rooker-Feldman* doctrine does not bar Hastings suit.  Many

10  legal scholars have even declared the *Rooker-Feldman* doctrine to be dead.

11  Irregardless, said doctrine only appears to apply to cases seeking the

12  overturn of a state-court judgment.  There is no state-court judgment in this

13  matter.  Had there been a state-court judgment, the instant case would have

14  never been filed as Plaintiff would have the default judgment that he is

15  entitled to in the state-court case.

16

17  Lindsay Abramson may enjoy immunity from personal financial liability

18  stemming from her role as a commissioner but she certainly does not enjoy

19  absolute supreme court justice status as her rulings can be overturned (and

20  are on a daily basis).  And how else to overturn a bad ruling which flies in

21  the face of both federal law enacted by congress and supreme court precedent

22  than to bring the matter to a federal court?

23

24  Maricopa County Superior Court is only a defendant due to the possibility

25  that Plaintiff could obtain an order requiring Defendant Abramson to reverse

26  her flawed ruling and she could have resigned or been transferred by then and

27  also they are potentially liable as her employer under the respondeat

28  superior doctrine.  No funds are being sought from Maricopa County Superior

1  Court in this matter and they are only included to ensure Plaintiffs time is

2  not wasted in the event Defendant Abramson is unable to comply with any

3  potential future court order(s).  No funds are being sought from Defendant

4  Abramson either.

5

6  In filing of his complaint, Plaintiff complied with Federal Rule of Civil

7  Procedure 8(a)(2) which generally requires only a plausible "short and plain"

8  statement of the plaintiff's claims, not an exposition of his legal argument.

9

10  The defendants have also violated plaintiff's Fourteenth Amendment right to

11  due process by refusing to comply with federal law and SCOTUS precedent.  The

12  defendants are protecting the party Plaintiff originally sued.

13

14  Per *District of Columbia Court of Appeals v. Feldman*, a statute or rule

15  governing the decision may be challenged in a federal action.  460 U. S. 462,

16  at 487.  This seems to apply to the instant case.  If the Defendants were

17  100% justified in their decision against Plaintiff, then the justification is

18  incongruent with federal law and, therefore, must be allowed to proceed as

19  opposed to dismissed.

20

21  In addition, SCOTUS appears to have only applied the Rooker-Feldman doctrine

22  twice; once in each case respectively.

23

24  This matter is really quite simple.  Hastings filed a case against a

25  defendant in federal court when he resided in Nevada.  Nevada found that it

26  was, perhaps, not the best venue and transferred it to California while

27  Hastings was moving to Texas.  So Hastings re-filed in state court in Arizona.

28

Federal law[1] and SCOTUS[2] precedent both allow Hastings to obtain default

judgment without being interfered by an affirmative defense of Statute of

Limitations, especially one which the Defendant in the state case did not

raise - despite his having graduated from law school.  It is likely also

quite inappropriate for the court to be entering defenses on behalf of

defendants that could clearly not care any less about the outcome(s) pending

before it, as is the case in the state case.


WHEREFORE, Plaintiff prays for two orders:


1.    Denying the Defendant's motion to dismiss, and;

2.    Declaring the Plaintiff's case tolled while it was in the federal court

system, and;

3.    Ordering the Maricopa County Superior Court to enter default against

the defendant in the other case due to his failure to answer/defend, and

either;

4.    Ordering Maricopa County Superior Court to have a different judicial

officer (other than Defendant Abramson) that has the full authority by law to

---

[1] Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that arise from the same case or controversy presented in the federal lawsuit. If the federal court later dismisses the federal claims that independently qualify for federal jurisdiction, however, then the court will also ordinarily dismiss the state claims that it had supplemental jurisdiction over as well. As such, 28 U.S.C. § 1367(d) contains a tolling mechanism providing that the "period of limitations for" refiling a dismissed state claim in state court "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The Artis opinion dictates how this tolling mechanism operates.

[2] *Artis. V. District of Columbia.*  583 U.S. ____ (2018)

1  determine the amount of Hastings damages in the state case and to enter

2  default judgment accordingly, and/or;

3  4.   Ordering Lindsey Abramson to reverse her flawed "finding" of lapsed

4  statute of limitations and ordering her to recuse herself from the

5  determination of Hastings damages in the state case.

6

7  RESPECTFULLY SUBMITTED this 23 day of March, 2019.

8

9  /s/John Hastings

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28