1    WO

6    **IN THE UNITED STATES DISTRICT COURT**

7    **FOR THE DISTRICT OF ARIZONA**

9    John Hastings,                                    No. CV-19-00132-PHX-GMS

10              Plaintiff,                             **ORDER**

11   v.

12   Lindsay Abramson, et al.,

13              Defendants.

Pending before the Court is the Motion to Dismiss of Defendants Maricopa County Superior Court and Commissioner Lindsay P. Abramson (Doc. 17). For the following reasons the motion is granted, and the case is dismissed with prejudice.

## BACKGROUND

This action arises out of a state court action filed by Plaintiff John Hastings. In that action, Commissioner Abramson concluded that Hastings' claim was barred by the applicable statute of limitations. Hastings then filed a motion for reconsideration, which was denied. Hastings then filed an "Objection to Commissioner's Ruling and request to overturn by a Judge." (Doc. 13 at 13–15.) Maricopa County Superior Court Judge Pamela Gates reviewed and then denied Hastings' objection.

Hastings then filed this action, seeking "a court order reversing Defendant Lindsay Abramson's erroneous ruling and permanently removing her from his state case." (Doc. 1 at 3.) Hastings further "requests that this court order the Maricopa County Superior Court to enter default and default judgment in favor of Plaintiff as that Defendant failed to

respond." (*Id.*) Finally, Hastings "requests that the district court order the defendants not to act so biasedly [sic] or be impossibly difficult . . . in the future." (*Id.*)

## DISCUSSION

### I.  Legal Standards

Federal courts are courts of limited jurisdiction and federal subject matter jurisdiction must exist at the time an action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Because of its import, lack of subject matter jurisdiction may be raised at any time by any party or by the court. *See* Fed. R. Civ. P. 12(h); *Attorneys Trust v. Videotape Computer Prods.*, 93 F.3d 593, 594–95 (9th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Jurisdictional attacks under Rule 12(b)(1) can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Given the nature of a facial challenge, courts take the allegations in the complaint as true and view them in light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, a court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* (citation omitted).

### II.  Analysis

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising jurisdiction over actions brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The doctrine arises from the fact that "federal district court[s] do[] not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The doctrine prohibits not only direct appeals of state court judgements, but also

de facto appeals of state court decisions as well as the adjudication of "any issue raised in the suit that is inextricably intertwined with an issue resolved by the state court in its judicial decision." *Id.* at 1158. "[W]hen the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court," the district court is without jurisdiction to hear the case. *Id.* at 1163.

It is clear from the face of Hastings' complaint that he is appealing the ruling of the Superior Court. This case is a routine application of *Rooker-Feldman*: Hastings seeks an order from this court "reversing Defendant Lindsay Abramson's erroneous ruling and permanently removing her from the case;" he "requests that this court order the Maricopa County Superior Court to enter default and default judgment in favor of Plaintiff;" and he "requests that the district court order the defendants not to act so biasedly [sic] or be impossibly difficult . . . in the future." (Doc. 1 at 3.) This Court lacks jurisdiction to hear such an appeal. *Hall*, 341 F.3d at 1154.

Hastings also argues that the decisions of the Superior Court violated his due process rights and exhibited "reckless disregard for federal law, plaintiff's US Constitutional rights, and SCOTUS precedent," and that he thus challenges the Superior Court's actions on those grounds rather than directly appealing the Superior Court's judgment. But "*Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Id.* at 1156. That is precisely what Hastings seeks to do here.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants Maricopa County Superior Court and Commissioner Lindsay P. Abramson (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 8th day of May, 2019.

G. Murray Snow
Chief United States District Judge